USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9-11-13

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------
DARIAN COOK,                        :     11 Civ. 7325 (LAP)
                                    :     03 Cr. 469 (LAP)
                    Plaintiff,      :
                                    :     MEMORANDUM AND ORDER
          - v. -                    :
                                    :
UNITED STATES OF AMERICA,           :
                                    :
                    Defendant.      :
------------------------------------X

LORETTA A. PRESKA, Chief United States District Judge:

     Petitioner Darian Cook ("Cook" or "Petitioner"), proceeding
pro se, filed several motions related to the underlying criminal
matter in United States v. Cook, No. 03 Cr. 469.  Petitioner
brought a related civil suit, Cook v. United States, No. 11 Civ.
7325, against the United States of America (the "Government")
seeking to vacate, set aside, or correct his sentence in the
underlying criminal matter pursuant to 28 U.S.C. § 2255.
Petitioner filed motions seeking similar relief in both cases.
For clarity, all pending motions in both of the above-referenced
cases are considered in this order.  For the reasons set forth
below, Petitioner's motion pursuant to 28 U.S.C. § 2255, as
defined below, is DENIED.  Accordingly, all other pending
motions in United States v. Cook, No. 03 Cr. 469 and Cook v.
United States, No. 11 Civ. 7325 are to be terminated as moot.

I.    BACKGROUND

    A.    <u>Offense Conduct</u>

On February 19, 2004, Cook was charged in an eight-count indictment.  Count One charged Cook with distributing and possessing with intent to distribute five grams and more of crack cocaine in Newburgh, New York.  Count Two charged Cook with distributing and possessing with intent to distribute cocaine in Newburgh, New York.  Count Three charged Cook with possession of a shotgun in furtherance of the drug trafficking crimes charged in Counts One and Two of the Indictment.  Count Four charged Cook with possession of a shotgun in and affecting commerce after having been convicted of a felony.  Count Five charged Cook with distributing and possessing with intent to distribute fifty grams and more of crack cocaine in Wappingers Falls, New York.  Count Six charged Cook with distributing and possessing with intent to distribute cocaine in Wappingers Falls, New York.  Count Seven charged Cook with possessing a semi-automatic pistol in furtherance of the drug trafficking crimes charged in Counts Five and Six of the Indictment.  Count Eight charged Cook with possession of a semi-automatic pistol in and affecting commerce after having been convicted of a felony.

B.   <u>Prior Proceedings</u>

Cook's trial took place from April 5, 2004 to April 8, 2004.  The jury returned a not guilty verdict on Count Three of the Indictment.  Cook was found guilty of all other counts.

On March 15, 2005, Judge Stephen C. Robinson sentenced Cook principally to a term of 300 months' imprisonment, to be followed by a ten-year term of supervised release, and a mandatory $700 special assessment.  On March 31, 2006, the Court of Appeals affirmed Cook's conviction.  <u>See</u> <u>United States v. Cook</u>, 173 F. App'x 896, 898 (2d Cir. 2006) (summary order).

On November 21, 2006, Cook filed a motion pursuant to 28 U.S.C. § 2255 (the "2006 Petition") on the basis of ineffective assistance of counsel and that his sentence should not have been enhanced pursuant to a prior felony information because the subject prior felony, a New Jersey conviction, was vacated in April 2006.  (<u>See</u> Motion, dated Dec. 8, 2006, No. 06 Civ. 14207 [dkt. no. 1].)[1]

On December 10, 2007, Magistrate Judge Lisa Margaret Smith held an evidentiary hearing on the issue of ineffective assistance of counsel.  Petitioner was represented by counsel at that hearing.  (<u>See</u> Transcript, dated Dec. 10, 2007 ("Hr'g Tr."), Ex. B to the Gov. Opp'n (as defined below).)  On June 4,

---

[1]   The 2006 Petition commenced <u>Cook v. United States</u>, No. 06 Civ. 14207.

3

2008, Judge Smith recommended that Judge Robinson dismiss Cook's petition. (See Report and Recommendation, dated June 4, 2008, No. 06 Civ. 14207 (the "2008 Report") [dkt. no. 6].) Petitioner objected to several portions of the 2008 Report. (See Objections, dated Aug. 8, 2008, No. 06 Civ. 14207 ("2008 Objections" or "2008 Obj.") [dkt. no. 10].)

On March 30, 2010, noting and adjudicating Petitioner's objections to the 2008 Report, Judge Robinson denied Cook's petition in all respects except that Cook was granted a new sentencing hearing on the ground that the conviction set forth in the prior felony information filed pursuant to 21 U.S.C. § 851 had been vacated after Cook's sentencing. (See Order, dated Mar. 30, 2010 at 2, No. 03 Cr. 469 (the "2010 Order") [dkt. no. 50].)[2]

On April 1, 2011, this Court[3] resentenced Cook to a mandatory minimum term of imprisonment of 180 months, to be followed by five years of supervised release, and a mandatory

---

[2]  Where the referenced document is available on the ECF system, the Court cites to the page numbers assigned by that system. Where the referenced document is not available on the ECF system, the Court cites to the page numbers as indicated in the document.  Where the referenced document is not available on the ECF system and page numbers are not indicated in the document, the Court cites to page numbers as counted from the document's first page.

[3]  03 Cr. 469 was reassigned to this Court on September 7, 2011. (See Notice of Reassignment, dated Sept, 7, 2011, No. 03 Cr. 469 [dkt. no. 56].)

$700 special assessment. (See Amended Judgment, dated Apr. 1, 2011, No. 03 Cr. 469 (the "Amended Judgment" or "Am. J.") [dkt. no. 55].)

     C.   Instant Motions

Since his resentencing, Cook has filed several motions in both 03 Cr. 479 and 11 Civ. 7325.  On September 1, 2011, prior to the amendment of the sentencing guidelines, Cook filed a motion to file an out-of-time appeal.  (See Motion, dated Sept. 1, 2011, No. 03 Cr. 479 [dkt no. 57].)  On October 12, 2011, Cook filed a motion to vacate, set aside, or correct pursuant to 28 U.S.C. § 2255, thereby opening case number 11 Civ. 7325.  (See Motion, dated Oct. 12, 2011, No. 11 Civ. 7325 (the "2011 Petition") [dkt no. 1].).  On March 14, 2012, Cook filed a motion to amend his motion to move for a reduction in his sentence pursuant to the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372 (the "FSA") and to raise an additional claim of ineffective assistance of counsel.  (See Motion, dated Mar. 14, 2012, No. 11 Civ. 7325 (the "2012 Petition") [dkt no. 5].)  The Court ordered the Government to respond to the arguments raised in Ground Two of the petition, which alleged ineffective assistance of counsel.  (See Order, dated May 7, 2012, No. 11 Civ. 7325 [dkt. no. 6].)  The Court withheld decision on Ground One awaiting the decision of the

Supreme Court in <u>Dorsey v. United States</u>, No. 11-5683, and <u>Hill
v. United States</u>, No. 11-5721.[4]  (<u>See</u> <u>id.</u>)

The Government opposed the 2012 Petition on June 14, 2012.
(<u>See</u> Memorandum in Opposition, dated June 14, 2012, No. 03 Cr.
469 (the "Government's Opposition" or "Gov. Opp'n") [dkt. no.
62].)  On June 22, 2012, Petitioner filed a "Motion to Reply" to
the Government's Opposition.  (<u>See</u> Motion to Reply, dated June
22, 2012, No. 03 Cr. 469 (the "Reply") [dkt. no. 63].)  Although
styled as a motion, Petitioner's Motion to Reply is merely a
reply to the Government's Opposition and will be construed as
such.

By order dated May 7, 2013, for reasons stated therein,
Petitioner's request to be resentenced pursuant to the FSA was
denied.  (<u>See</u> Order, dated May 7, 2013, No. 03 Cr. 469 (the "FSA
Order") [dkt. no. 66].)


II.  DISCUSSION

The Court has considered all of Petitioner's pending
motions herein, and it is apparent that the 2012 Petition
encompasses all of Petitioner's claims.

Because Cook is proceeding <u>pro</u> <u>se</u>, his submissions should
be read liberally and interpreted "to raise the strongest

---

[4]  Both cases were decided by the Supreme Court on June 21, 2012
in the same opinion.  <u>See</u> <u>Dorsey v. United States</u>, 132 S. Ct.
2321 (2012).

arguments that they suggest." Fulton v. Goord, 591 F.3d 37, 43 (2d Cir. 2009) (internal quotation marks omitted).  This principle applies to pro se litigants moving pursuant to 28 U.S.C. § 2255.  See Green v. United States, 260 F.3d 78, 83 (2d Cir. 2001).  Still, a pro se litigant is not exempt "from compliance with relevant rules of procedural and substantive law." Traguth v. Zuck, 710 F.2d 90, 95 (2d Cir. 1983) (internal quotation marks omitted).

A.   Ground One: Resentencing

In Ground One of the 2012 Petition, Petitioner requests that he be resentenced pursuant to the FSA.  Ground One was adjudicated in an order dated May 7, 2013.  (See FSA Order.) For reasons stated therein, Petitioner's request to be resentenced pursuant to the FSA was denied.  (See id.)

B.   Ground Two: Ineffective Assistance of Counsel

In Ground Two of the 2012 Petition, Petitioner raises an ineffective assistance of counsel claim.  Petitioner alleges that trial counsel Samuel M. Braverman:  (1) provided material misinformation to Petitioner during the plea bargaining process and (2) failed to object to Petitioner's career offender classification.  As explained in more detail below, the claims set forth at Ground Two are substantially the same as those presented by the 2006 Petition, however, they are not subject the statutory limitations on second or successive motions

7

because an amended judgment was entered between the filing of that petition and the 2011 Petition.  The claims presented in Ground Two of the 2011 Petition and the 2012 Petition were litigated in and dismissed by the 2008 Report and the 2010 Order, therefore Petitioner's instant claims are subject to the law of the case doctrine.  Applying the law of the case doctrine and finding that Petitioner presents no cogent and compelling reasons to deviate from doing so, the Court declines to allow re-litigation of the claims, and thus denies the instant motion.

1.   Second or Successive Petitions

Under the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA"), a petitioner incarcerated pursuant to a federal judgment cannot file a second or successive motion pursuant to 28 U.S.C. § 2255 without first obtaining permission from the appropriate court of appeals.  See 28 U.S.C. §§ 2255(h), 2254(b).  While the AEDPA does not define "second or successive," the Court of Appeals instructs that "[a] motion will be regarded as second or successive if a previous habeas petition filed by the movant challenged the same conviction or sentence and was adjudicated on the merits or dismissed with prejudice."  Carmona v. United States, 390 F.3d 200, 202 (2d Cir. 2004) (per curiam).

"[W]hen a petitioner ignores the [AEDPA] by filing a second or successive § 2255 petition without first obtaining []

8

authorization [from the Court of Appeals], 'the district court
should transfer the petition or motion to [the Court of Appeals]
in the interest of justice.'" Corrao v. United States, 152 F.3d
188, 190 (2d Cir. 1998) (quoting Liriano v. United States, 95
F.3d 119, 123 (2d Cir. 1996) (per curiam)).  Indeed, "[t]he
district court has no power to entertain a second or successive
§ 2255 motion unless the appropriate court of appeals has
authorized the filing of that motion in the district court."
Poindexter v. Nash, 333 F.3d 372, 382 (2d Cir. 2003).  Thus, a
district court presented with a second or successive motion
pursuant to 28 U.S.C. § 2255 should not consider that motion on
the merits before the movant has first obtained authorization
from the Court of Appeals.  See Corrao, 152 F.3d at 190; Nelson
v. United States, 115 F.3d 136, 136 (2d Cir. 1997) (vacating
"for lack of jurisdiction" district court judgment that
adjudicated a successive § 2255 motion on the motion's merits
where Court of Appeals had not granted authorization for the
filing of the § 2255 motion).

     In Magwood v. Patterson, the Supreme Court held that when a
first habeas petition pursuant to 28 U.S.C. § 2254 results in
the issuance of a new judgment, a later-in-time petition
challenging that new judgment is not second or successive under
the AEDPA.  See 131 S. Ct. 2788, 2787 (2010).  The Court of
Appeals subsequently held that Magwood applies to motions made

9

pursuant to 28 U.S.C. § 2255.  See Johnson v. United States, 623
F.3d 41, 45-46 (2d Cir. 2010).  Thus, a federal prisoner's
"proposed § 2255 motion would not be successive because it is
his first § 2255 motion challenging the amended judgment of
conviction." Id. at 46.  This is true "even if the subsequent
petition itself challenges only the convictions and sentences
that were left unaltered by that new judgment." Fermin v.
United States, 859 F. Supp. 2d 590, 597 & n.7 (S.D.N.Y. 2012)
(citing Johnson, 623 F.3d at 46).

     Here, the 2006 Petition, for the reasons set forth in more
detail below at Part II.B.2, sought relief on the same grounds
as the 2011 Petition and 2012 Petition.  In each, Cook claimed
ineffective assistance of counsel.  These claims were dismissed.
(See 2010 Order at 19.)  At the same time, the 2006 Petition did
result in Cook's being resentenced because Cook's original
sentence took into account a New Jersey felony conviction that
was subsequently vacated.  (See 2010 Order at 15-16.)
Accordingly, this Court entered an amended judgment sentencing
Cook to, inter alia, 180 months' imprisonment.  (See Am. J.)
The 2011 Petition and the 2012 Petition were filed after the
Amended Judgment was entered.

     Between the 2006 Petition and the 2011 Petition, the Court
entered an amended judgment.  Because there was an intervening
amended judgment between the 2006 Petition and the subsequent

petitions at issue, the 2011 Petition and, in turn, the 2012
Petition are not second or successive petitions.  See Johnson,
F.3d at 46.  Thus, the Court now turns to the merits of the
instant petition.  See Fermin, 859 F. Supp. 2d at 596-97 (after
determining Petitioner's later-in-time petitions were not second
or successive under Johnson, court "proceed[ed] to adjudicate
the merits of [Petitioner]'s claims"); United States v.
Figueroa-Molineros, Nos. 01 Cr. 1001(DC), 11 Civ. 2478(DC), 2011
WL 3501875, at *1-2 & n.6 (S.D.N.Y. Aug. 9, 2011) (same).

            2.   Law of the Case Doctrine

     Under the law of the case doctrine, when a court
reconsiders its own ruling on an issue in the absence of an
intervening ruling on the issue by a higher court, that ruling
"should generally be adhered to by that court in subsequent
stages in the same case, unless cogent and compelling reasons
militate otherwise."  United States v. Quintieri, 306 F.3d 1217,
1225 (2d Cir. 2002) (internal quotation marks omitted); see also
Ransmeier v. Mariani, 486 F. App'x 890, 892 (2d Cir. 2012)
(summary order) (noting that this branch of the law of case
doctrine applies to a district court reviewing its prior
decision); Pure Power Boot Camp, Inc. v. Warrior Fitness Boot
Camp, LLC, 759 F. Supp. 2d 417, 424 (S.D.N.Y. 2010) ("A Report
and Recommendation prepared by a magistrate judge and adopted by
a district judge[] constitutes the law of the case for all

                           11

issues addressed in the report.").[5]  To be sure, this branch of
the law of the case doctrine "does not rigidly bind a court to
its former decisions, but is only addressed to its good sense."
Johnson v. Holder, 564 F.3d 95, 99 (2d Cir. 2009) (quoting
Higgins v. Cal. Prune & Apricot Grower, Inc., 3 F.2d 896 (2d
Cir. 1924)).

     While the law of the case doctrine is not rigidly binding,
departure from it is justified only "for 'cogent' or
'compelling' reasons including an intervening change in law,
availability of new evidence, or 'the need to correct a clear
error or prevent manifest injustice.'"  Id. at 99-100 (quoting
Quintieri, 306 F.3d at 1230); see also Jamison v. Senkowski, No.
99 Civ. 9424(NRB), 2010 WL 2010884, at *2 (S.D.N.Y. May 18,
2010) (describing the above-referenced reasons warranting
departure from the law of the case doctrine as the "only three
exceptions to the applicability of this doctrine").  The party
seeking relief has the burden of establishing that departure
from the law of the case doctrine is warranted.  See Jamison,
2010 WL 2010884, at *2.

     Here, the 2010 Order and the 2008 Report adjudicate the
same claims Petitioner raises in the 2012 Petition.  The 2012

---

[5]  The law of the case doctrine has a separate but related branch
that is inapplicable here.  Under that branch, called the
"mandate rule," a trial court must follow an appellate court's
previous ruling on an issue in the same case.  See Quintieri,
306 F.3d at 1225 & n.5.

Petition sets forth two arguments relating to Ground Two.
First, Petitioner argues that Braverman provided material
misinformation related to Petitioner's career offender status,
the identity of the judge presiding over the case, and the
Government's position with regarding to plea negotiations.  (See
2012 Petition at 3-4.)  Second, Petitioner argues that Braverman
failed to advise him of the potential for him to be sentenced to
consecutive sentences pursuant to 18 U.S.C. § 924(c).  (See 2012
Petition at 5-6.)  In the 2006 Petition and the evidentiary
hearing held pursuant to it, Petitioner raised both of these
arguments.  There, Petitioner also argued that Braverman
provided him material misinformation related to his career
offender status, the identity of the judge presiding over the
case, and the Government's position regarding plea negotiations.
(See 2006 Petition at 6-8; 2008 Obj. at 3.)  At the evidentiary
hearing conducted by Judge Smith, Petitioner alleged that
Braverman failed to advise him of the potential to receive
consecutive sentences pursuant to 18 U.S.C. § 924(c).  (See Hr'g
Tr. at 9.)

The 2010 Order and 2008 Report reached and ruled on the
arguments now put forth in the 2012 Petition.  First, the 2008
Report addressed Petitioner's claim of material misinformation
provided by Braverman and concluded that Petitioner's evidence,
consisting almost entirely of Petitioner's own testimony, which

13

was found "not credible," failed to establish either prong of

the Strickland test in light of evidence presented by the

Government.  (2008 Report at 13-17 (applying test set forth in

Strickland v. Washington, 466 U.S. 668 (1984)).)  The 2010 Order

addressed Petitioner's objections to the 2008 Report, found the

objections legally insufficient, and dismissed the 2006 Petition

with regard to these arguments.  (See 2010 Order at 16-19.)

Second, turning to Petitioner's claims regarding 18 U.S.C.

§ 924(c), the 2008 Report also addressed the prejudice which

Petitioner claims he suffered based on the alleged

misinformation given to him by Braverman regarding the length of

his sentence.  Indeed, Judge Smith concluded, albeit without

specifically referencing 18 U.S.C. § 924(c), that:

> because there is no discrepancy, let alone a great
> discrepancy between Mr. Braverman's advice that
> Petitioner could face 20 years to life in prison if he
> went to trial, and the 25-year sentence he eventually
> received . . . Petitioner has not put forward any
> objective evidence of prejudice sufficient to satisfy
> the second prong of the Strickland test.

(2008 Report at 16.)  Again, the 2010 Order addressed

Petitioner's objections, found them legally insufficient, and

dismissed the 2006 Petition with regard to these arguments.

(See 2010 Order at 16-19.)  Because both of Petitioner's current

arguments relating to his claim of ineffective assistance of

counsel were addressed in the 2008 Report and 2010 Order, the

Court will not revisit them under the law of the case doctrine

14

unless an exception to the application of the doctrine applies. See Jamison, 2010 WL 2010884, at *2.  In the Reply, Petitioner asserts that the "new evidence" and "intervening change in controlling law" exceptions apply. (See Reply at 1-2.)  As explained directly below, the Court disagrees.

First, Petitioner argues the new evidence exception applies because new evidence concerning the alleged misinformation conveyed by Braverman to Petitioner during plea negotiations surfaced at the December 10, 2007 evidentiary hearing held before Judge Smith. (See Reply at 1.).  By its own logic, Petitioner's argument here is insufficient.  Judge Smith had this evidence before her prior to issuing the 2008 Report. Moreover, Petitioner had the opportunity to, and did indeed, object to the 2008 Report before the 2010 Order was entered. (See 2010 Order at 3 (noting Petitioner's objections to Judge Smith's findings "regarding Petitioner's conversations with his attorney Samuel M. Braverman")); id. at 16-17 (addressing and rejecting same).)  Thus, Petitioner as well as Judge Smith and Judge Robinson had this evidence available when Petitioner's claims were first litigated.  There is therefore no new evidence and, accordingly, Petitioner's claims do not fall into the new evidence exception to the law of the case doctrine.  Cf. DiFiore v. DiLorenzo, No. 91 Civ. 4209(EHN), 1997 WL 722697, at *3 (E.D.N.Y. Sept. 19, 1997) (declining to follow the law of the

15

case doctrine based on new evidence where "of the twelve depositions submitted by the parties as evidence, only three were available at the time of the August 18, 1993 decision, and none had been taken at the time of the September 3, 1992 decision.").

Second, Petitioner cites cases arguing that there was an "intervening change in controlling law" since the 2008 Report and the 2010 Order were entered.  (See Reply at 1-2.) Specifically, Petitioner points to Missouri v. Frye, 132 S. Ct. 1399 (2012) and Lafler v. Cooper, 132 S. Ct. 1376 (2012).  (See id.)  Petitioner's argument here fails because Petitioner cannot show that these cases are applicable to the instant case.

Frye is not applicable because Braverman was found to have advised Petitioner of the Government's plea offer.  In Frye, counsel was deemed ineffective under Strickland for failing to communicate to defendant a written plea agreement before it expired.  See 132 S. Ct. at 1410.  Here, the 2008 Report found, and the 2010 Order adopted the finding, that Braverman properly conveyed the plea offer to Petitioner.  (See 2008 Report at 15 (finding that the "[Government] established that Mr. Braverman informed Petitioner of the [G]overnment's plea offer both in person on September 30, 2003, and in the letter dated October 1, 2003"); 2010 Order at 16-17 (rejecting Petitioner's objections and adopting finding).)  Accordingly, Frye does not apply.

16

Because Frye is not applicable to the instant case, it cannot be deemed a change in controlling law.

Lafler is not applicable here as well.  In Lafler, counsel was deemed ineffective under Strickland for advising defendant to reject a plea offer on erroneous grounds.  See 132 S. Ct. at 1390-91.  There, in a communication with the court, the defendant had "admitted guilt and expressed a willingness to accept the [plea] offer."  Id. at 1383.  Ultimately, however, the defendant rejected the plea based on his attorney's erroneous contention that the defendant could not be convicted at trial.  See id. at 1384.  After the defendant in Lafler was convicted at trial, he received a harsher sentence than was offered as part of the plea offer.  See id. at 1383.  Here, there was no finding that Braverman advised Petitioner to reject a plea offer based on erroneous grounds.  The 2008 Report found that "Braverman informed Petitioner of the weakness of his case" and advised Petitioner to accept the Government's offer unless Petitioner insisted on his innocence with respect to gun possession, an admission on which the Government would not comprise.  (2008 Report at 15-16.)  Petitioner did indeed insist on his innocence, which was a deal breaker for the Government.  (Id.)  These findings were adopted by the 2010 Order.  (2010 Order at 16-18.)  At the evidentiary hearing before Judge Smith, Cook testified that he would have taken the plea bargain

17

containing a gun possession charge even while maintaining his
innocence with regard to gun possession.  (See Hr'g Tr. at 32.)
Cook went as far as to volunteer that he would have falsely
admitted to gun possession so as to have taken the plea offer.
(Id. at 28-33.)[6]  Critically, Cook's steadfastness in his
innocence and admissions about his willingness to manipulate his
own testimony distinguish his case from Lafler, a case in which
it was established that the defendant accepted his guilt and
would have taken the offered plea bargain but for his attorney's
erroneous advice that defendant would prevail at trial.  See
Lafler, 132 S. Ct. at 1383-84.

     Because Petitioner cannot establish that Frye or Lafler are
applicable here, neither case is an intervening change in
controlling law.  Accordingly, the Court applies the law of the
case doctrine and will not disturb earlier rulings made in this
case.  See Baden v. Koch, 799 F.2d 825, 828-29 (2d Cir. 1986)
(adhering to law of the case doctrine when case offered by
litigant as an intervening change in case law did not disturb
the court's earlier holding); Egghead.com, Inc. v. Brookhaven
Capital Mgmt. Co. Ltd., 194 F. Supp. 2d 232, 238 (S.D.N.Y. 2002)
(same).

---

[6]  Judge Smith found that Petitioner's testimony was "not
credible," specially referencing this finding with regard to
Petitioner's claim that he would have taken the plea offer.
(2008 Report at 15-16.)

III. CONCLUSION

    For the forgoing reasons, Petitioner's motion pursuant to 28 U.S.C. § 2255 [dkt. no. 1] is DENIED.  All other pending motions in United States v. Cook, No. 03 Cr. 469 and Cook v. United States, No. 11 Civ. 7325 are to be terminated as moot.

    Petitioner has not "made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2); see generally United States v. Perez, 129 F.3d 255, 259-60 (2d Cir. 1997).  The Court thus declines to issue a certificate of appealability.  The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith.  See Coppedge v. United States, 369 U.S. 438, 444 (1962).


SO ORDERED.

Dated:    New York, New York
        September 11, 2013

                _____
                LORETTA A. PRESKA
                Chief United States District Judge